## AMERICAN SOCIETY OF CHIROPRACTORS, INC v MEEKER

Ohio Appeals, 1st Dist, Hamilton Co

No 4234. Decided Feb 27, 1933

Harry Neal Smith, Cincinnati, and Frank L. Leonard, Cincinnati, for plaintiff in error.

Clark, Tracy & Robinson, Cincinnati, for defendant in error.

HAMILTON, PJ.

This case is submitted to the court on the motion to strike the bill of exceptions from the files, and on the merits.

First, considering the motion to strike the bill of exceptions from the files, we find in the record the following:

"March 24, 1931, The jury in this cause heretofore impaneled and sworn having

heard the evidence of both plaintiff and defendant moved the court for an instructed verdict and the said jury was discharged from further consideration of this cause and the court rendered judgment for the defendant.

March 26, 1931, Motion for a new trial filed.

March 26, 1931, Motion for a judgment filed.

April 6, 1931, Entry overruling motion for a new trial.

This cause came on for hearing on the motion of the plaintiff to set aside the finding heretofore made in favor of the defendant and for a new trial and the court being fully advised in the premises finds said motion not to be well taken and therefore overrules the same and judgment is herewith entered for said defendant for the costs of this action, to all of which plaintiff excepts.

April 6, 1931, Entry overruling motion for judgment. Plaintiff ercepts.

This cause came on for hearing on the motion of the plaintiff for a judgment in its favor upon the petition, and answer and the cross-petition of the defendant and the evidence offered in support thereof, and the court being fully advised in the premises hereby dismisses defendant's cross-petition against the plaintiff and overrules said motion of plaintiff for a judgment in its favor upon its petition and the answer of the defendant and the evidence offered in support thereof, to which said ruling said plaintiff excepts.

April 8, 1931, Motion to set aside judgment and for a new trial filed.

April 13, 1931, Entry overruling motion to set aside judgment and for a new trial."

Thus it appears that on March 24, the court on submission to it of a double motion for judgment, discharged the jury, and rendered judgment for the defendant. On authority of the case of **Boedker v Warren E. Richards Co., 124 Oh St, 12**, this finding of the court was akin to a finding of the jury, and was ineffectual to start the running of the limitations for the filing of the petition in error.

On March 26, within the three day limitation for filing the motion for a new trial, a motion for a new trial was filed.

On April 6, an entry was entered overruling the motion for a new trial, and judgment was entered for the defendant.

Sec 11564, GC, provides:
"* * * the party excepting must reduce his exceptions to writing, and file them in the cause, not later than forty days after the overruling of the motion for a new trial, or the decision of the court, when the motion for a new trial is not filed."

The record discloses that the motion for a new trial was overruled April 6, 1932, and the bill of exceptions was filed May 21, 1932, which was forty-five days after the overruling of the motion for a new trial.

It is argued by counsel that the time for the running of the limitations in which the bill of exceptions might be filed began on April 13, upon the overruling of the motion to set aside the judgment and for a new trial, filed on April 8th. The motion filed on April 8th was the second motion for a new trial, and if the plaintiff had the right to file this motion it was not within the three day limitation, and therefore cannot be considered as a motion for a new trial, not having been filed in time. However, the second motion for a new trial could not be filed. It would simply appear to be an attempt to toll the time for the filing of the bill of exceptions.

The motion to strike the bill of exceptions from the files will be granted, and since the questions of error presented could only be considered upon a bill of exceptions, the judgment is affirmed.

CUSHING and ROSS, JJ, concur.